### UNITED STATES 'v. BEEBE et al.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1899.)

#### No. 639.

Judgments—Grounds for Setting Aside in Equity—Fraud.

A court of equity will not set aside a judgment rendered by a court of competent jurisdiction, on the ground of fraud, because of false statements made by the defendants to the court as to their financial condition, by which the court was induced to render, and the plaintiff to accept, a judgment for less than the amount sued for or than was actually due.

Appeal from the Circuit Court of the United States for the Middle District of Alabama.

This is an appeal from a decision of the circuit court of the United States for the Middle district of Alabama, sustaining a demurrer to the bill of complainant. The bill was filed by the United States of America, by its attorney general, against Eugene Beebe and others, alleging that the said Eugene Beebe and Ferris Henshaw were sureties on the official bond of one Francis Widmer, collector of internal revenue of the Second district of Alabama, in the sum of $50,000, conditioned that said Widmer should faithfully perform the duties of said office; that said Widmer did not faithfully perform said duties, but failed to pay over to the United States the sum of $28,158.56, and that said sum is still due, with interest from January 6, 1874; that on the 3d day of June, 1880, separate suits at law were commenced in the circuit court of the United States for the Middle district of Alabama against said Eugene Beebe and against William T. Hatchett, administrator of the estate of said Ferris Henshaw, for the recovery of the sums for which said Widmer, as collector, was in default; that said suits were continued until February 6, 1885, when judgments were severally entered against said defendants for $100 each and costs, and said Beebe, on the 1st day of July, 1886, paid into the treasury of the United States the sum of $109.85, the amount of the judg-

ment and costs, but that the judgment against said Hatchett, as administrator, is due and unpaid. The bill then proceeds as follows: "That said judgments were entered under the following circumstances: That said defendants came into court, and stated and represented in open court, and they caused to be stated and represented for them, that said Beebe and said Ferris Henshaw were poor men, and that said Beebe and the estate of said Ferris Henshaw were without property out of which the said judgments could be paid and collected. That no part of said judgments could be collected by due process of law. That nothing could be made out of them, or either of them, or their estates, by execution, but that, if the court would allow a jury and verdict to be entered against them for one hundred dollars, they, and each of them, would pay said judgments and costs. That no evidence or proof was or had been introduced in said causes, or either of them, and indebtedness of said Beebe and Henshaw to the United States then being twenty-eight thousand one hundred and fifty-eight dollars and fifty-six cents ($28,158.56), and interest, or other large sum, and the statements and representations aforesaid only were before the said circuit court at the time of the entry of said judgments, and no hearing or determination upon the law or the facts involved in said cases was ever had in said court; whereupon the court remarked that, unless the district attorney of the United States objected, the causes might be disposed of as suggested aforesaid. Said district attorney did not object, and said judgments for one hundred dollars and costs were entered in each of said causes. That said statements and representations, made as aforesaid, by and on behalf of, and for, said Beebe and said Ferris Henshaw, and the estate of said Ferris Henshaw, were wholly untrue, and were made to deceive said court and United States attorney, and for the purpose, and with the intent, to defraud the United States. That said court and United States attorney had no authority in law to accept said statements and representations, which were not made under oath, nor in the course of any judicial proceeding, and were not, and were not supported nor verified by, evidence or proofs; and that said acts of said court and United States attorney amounted, in law and in fact, to, and was, and was intended to be, a mere naked compromise of the claim and demand of the United States against said Eugene Beebe and Ferris Henshaw, and the estate of said Ferris Henshaw, which said court and United States attorney had no authority, but were inhibited by law, to make, entertain, and consummate. That said court was without jurisdiction and power to determine said causes in the manner aforesaid; and that said alleged judgments for one hundred dollars and costs are null and void ab initio, and of no effect, and should be vacated and held for naught in this court of equity."

W. S. Reese, Jr., for the United States.

W. A. Gunter, for appellees Henshaw Heirs.

H. C. Tompkins, for appellees Montgomery Light Co., Montgomery Land & Improvement Co., Southern Cotton Oil Co., Abbie F. Rice, and W. R. Waller.

Before McCORMICK, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

SWAYNE, District Judge (after stating the facts as above). It is evident that this is a suit to vacate, annul, and set aside the judgment of a court, regularly entered, in a matter of which it had jurisdiction, with all the parties before it, on the ground that the said defendants Beebe and Henshaw stated to the court that "they were poor men, and were without property; that nothing could be made out of them by execution; and that these statements were wholly untrue, and were made to deceive the court and United States attorney, and with the intent to defraud the United States." In U. S. v. Throckmorton, 98 U. S. 61, Mr. Justice Miller announced the estab-

lished doctrine on this subject to be "that the acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to frauds extrinsic or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered." It is difficult to see upon what theory the judgment in this case can be set aside. The alleged false statements in the suits brought by the United States on the bond in question were not such as to deceive a person of ordinary care. They could not have deceived the district attorney, who represented the government, either as to the amount due on the bond or as to the property owned by the defendants. They did not in any way prevent the government from showing its cause of action, and taking judgment for the full amount due, if it saw fit to do so. Then, in about 15 months after the entry of said judgment, the government accepted satisfaction of the same by the officers of the treasury department, accepting the $100, with interest, from Beebe. We think the facts of this case bring it under the well-known rule announced in U. S. v. Throckmorton, supra, and the cases following it, and that the judgment below should be affirmed.